UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, et al., | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) 2:23-cv-00345-LEW ) |
| BROAN-NUTONE, LLC, | ) ) ) |
| Defendant | ) |

**ORDER ON MOTION TO AMEND COMPLAINT**

Plaintiffs move to amend their complaint to join two additional parties in this action in which Plaintiffs seek to recover damages allegedly resulting from a fire that occurred in an apartment building owned by Plaintiffs Linda, Michael, and James Francescone (Francesone). (Motion to Amend, ECF No. 15.) Defendant did not file an opposition to the motion. Following a review of the record and after consideration of Plaintiffs' motion, the Court grants the motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs filed a complaint alleging that in June 2020, a defective ventilation fan manufactured by Defendant Broan-Nutone, LLC, caused a fire resulting in significant damage to Francesone's apartment building. The parties subsequently engaged in discovery in accordance with the Court's Scheduling Order. In response to written discovery requests, Defendant stated that the fan "contained an improperly installed, unauthorized replacement motor designed and manufactured by Jakel Incorporated." (Defendant's Answers to Interrogatories at 4, ECF No. 15-2.) Plaintiffs ask the Court to

permit them to amend their complaint to assert a claim against Jakel Motors Incorporated and Jakel Incorporated f/k/a Jakel Motors Incorporated (collectively Jakel).

## DISCUSSION

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4).

A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, it falls to the court's discretion whether to grant a motion to amend, and that discretion should be exercised based on the particular facts and circumstances of the case. *Id.*

The Scheduling Order in this case designated December 4, 2023, as the deadline for the amendment of the pleadings and the joinder of parties. (Scheduling Order, ECF No. 5.) Because Plaintiffs filed their motion after December 4, Plaintiffs must demonstrate good cause for the amendment.

Plaintiffs moved to amend soon after they learned from Defendant that Jakel had installed the motor in the fan. Given Defendant's lack of objection to the motion, the Court can discern no prejudice to Defendant if Plaintiffs are permitted to amend the complaint. Furthermore, because the parties would presumably explore Jakel's responsibility, if any, for the fire regardless of whether Jake were joined as a party, the amendment would likely not delay the resolution of the matter. The relevant factors, therefore, militate in favor of permitting the amendment.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiffs' motion for leave to amend their complaint. Plaintiffs shall file the amended complaint on or before June 18, 2024.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of June, 2024.